**MARS INCORPORATED,**
**Plaintiff–Appellant,**

v.

**NIPPON CONLUX KABUSHIKI–**
**KAISHA, Defendant/Cross–**
**Appellant.**

Nos. 94–1414, 94–1425.

United States Court of Appeals,
Federal Circuit.

June 26, 1995.

lowing the verdict in the case against Conlux USA, Mars brought a separate action for patent infringement against appellee Nippon Conlux Kabushiki–Kaisha (Nippon Conlux), which is Conlux USA's Japanese parent corporation. The district court granted summary judgment in favor of Nippon Conlux, holding that the judgment against Conlux USA barred Mars from bringing a separate infringement action against Nippon Conlux. *Mars, Inc. v. Nippon Conlux Kabushiki–Kaisha*, 855 F.Supp. 673 (D.Del.1994). We agree with the district court that under the doctrine of claim preclusion Mars may not obtain relief on its complaint against Nippon Conlux. We therefore affirm the judgment of the district court.

John B. Pegram, Davis, Hoxie, Faithfull & Hapgood, New York City, argued for plaintiff-appellant. With him on the brief were Peter H. Priest, Wayne S. Breyer and Jeffrey M. Weinick.

David M. Simon, Spensley, Horn, Jubas & Lubitz, Los Angeles, CA, argued for defendant/cross-appellant. With him on the brief were Richard H. Zaitlen and Steven C. Sereboff.

Before MAYER, LOURIE and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

Appellant Mars, Incorporated, sued Conlux USA Corporation for patent infringement and obtained a judgment in its favor. Fol-

I

Mars is the owner of United States Patent No. 3,918,565 (the '565 patent). The patent, which is entitled "Method and Apparatus for Coin Selection Utilizing a Programmable Memory," claims an electronic "coin discriminator," a device that can be used in vending machines to distinguish genuine from counterfeit coins and to distinguish among coins of different value.

Beginning in 1988, Nippon Conlux manufactured coin changers for vending machines and shipped them to Conlux USA, its wholly owned subsidiary. Conlux USA then sold the coin changers in the United States.

In 1990, Mars brought an action against Conlux USA, alleging that Conlux USA had infringed the '565 patent and induced others to infringe the patent by using and selling Nippon Conlux Premier series coin changers in the United States. Mars did not join Nippon Conlux as a defendant in that action. The case went to trial before a judge and jury, and the trial resulted in a finding of liability; the jury subsequently returned a verdict in Mars's favor in the amount of $545,562 but did not find Conlux USA's infringement to be willful.

During the period between the liability and the damages phases of the trial against Conlux USA, Mars instituted the present action against Nippon Conlux in the same district where the action against Conlux USA was

pending. Among other allegations not pertinent here, the complaint charged that Nippon Conlux had induced Conlux USA and others to infringe the '565 patent, in violation of 35 U.S.C. § 271(b), and that it had infringed the '565 patent by importing the Premier series coin changers, in violation of 35 U.S.C. § 271(g). Mars did not move to consolidate the case against Nippon Conlux with the pending action against Conlux USA.

The district court granted Nippon Conlux's motion for summary judgment on claim preclusion grounds. Although noting that Conlux USA and Nippon Conlux were not the same party, the court held that "there is a sufficiently close relationship between the two defendants to bar Mars from asserting claims against Nippon Conlux that it already litigated against Conlux USA." 855 F.Supp. at 677. The court also found that the two lawsuits were based on the same underlying cause of action. The court explained that the

> allegedly infringing devices in [the Nippon Conlux] case are the exact same machines that were the subject of the Conlux USA litigation. In both cases, Mars alleges infringement of the same patent, and Conlux USA was found to be infringing the same patent claims that Mars alleges Nippon Conlux infringed.

*Id.* at 678.

Based on the close relationship of the facts alleged in the two complaints, the district court concluded that the complaints alleged the same cause of action. The court then held that Mars could not seek additional relief from Nippon Conlux for the same cause of action that it had litigated to final judgment in its action against Conlux USA.

## II

On appeal, Mars argues that the principles of claim preclusion do not bar its action against Nippon Conlux, for two reasons: first, it contends that Nippon Conlux is a separate entity from Conlux USA and therefore may not invoke claim preclusion based on the prior action against Conlux USA; second, it contends that claim preclusion is inapplicable because the suit against Nippon Conlux is based on an entirely separate cause

of action from the suit against Conlux USA. We reject both contentions.

### A

■ At the outset, the parties raise a choice of law question. The question is whether the claim preclusion issue in this case is a matter of patent law that should be decided under the precedents of this court, or a more general issue of the law of judgments that should be decided under the law of the regional circuit from which this case comes.

This case turns on general principles of claim preclusion, not on any rule of law having special application to patent cases. For that reason, we look to the law of the regional circuit—in this case the Third Circuit—for guidance in deciding the claim preclusion questions presented here. *See Epic Metals Corp. v. H.H. Robertson Co.,* 870 F.2d 1574, 1576, 10 USPQ2d 1296, 1298–99 (Fed.Cir.), *cert. denied,* 493 U.S. 855, 110 S.Ct. 160, 107 L.Ed.2d 117 (1989); *Hartley v. Mentor Corp.,* 869 F.2d 1469, 1471 n. 1, 10 USPQ2d 1138, 1139 n. 1 (Fed.Cir.1989). Contrary to the appellant's contention, this case is not governed by *Foster v. Hallco Manufacturing Co.,* 947 F.2d 469, 475, 20 USPQ2d 1241, 1245 (Fed.Cir.1991). In *Foster,* this court had to determine whether the public policy against restricting challenges to patent validity overrode general principles of *res judicata.* The court held that because that question was in substance a question of patent law calling for a uniform national rule, the case should be governed by Federal Circuit law, not the law of each regional circuit. 947 F.2d at 475, 20 USPQ2d at 1245. This case, by contrast, involves a pure question of the law of judgments—whether claim preclusion may be invoked by a corporate parent following a final judgment against its wholly owned subsidiary. The setting in which the question arises is a patent case, but the issue is not one peculiar to patent law.

### B

■ In resisting the application of claim preclusion in this case, Mars places great weight on the fact that Conlux USA and Nippon Conlux are separate parties. The

principles of claim preclusion, however, are not limited to cases involving identical parties. It is well settled, for example, that claim preclusion may be invoked by and against those in privity with parties. *See Nevada v. United States*, 463 U.S. 110, 130, 103 S.Ct. 2906, 2918, 77 L.Ed.2d 509 (1983); *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979).

To be sure, the term "privity" has been criticized as not aiding analysis, but simply stating a conclusion that a particular nonparty should be treated the same as a party for claim preclusion purposes. For that reason, courts have sometimes avoided the use of the term "privity" and instead have focused directly on the question whether the relationship between the parties is such that one party should enjoy the benefit, or suffer the burden, of a judgment for or against another. The Third Circuit, in particular, has used that approach in determining whether a defendant may invoke claim preclusion after the plaintiff's action against a closely related defendant has become final. *See Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir.1972) ("*res judicata* may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants").

■ The district court found the relationship between Nippon Conlux and Conlux USA, with respect to the conduct at issue here, to be so close as to justify barring Mars from bringing a successive action against Nippon Conlux after proceeding to final judgment against Conlux USA. We agree. Conlux USA is a wholly owned subsidiary of Nippon Conlux. As Mars acknowledges, Nippon Conlux exercises complete control over Conlux USA. With respect to the machines at issue in this case, Conlux USA served as the intermediary between Nippon Conlux and the ultimate purchasers. And Nippon Conlux both financed and controlled the defense of the action that Mars brought against Conlux USA.

In *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 966 (3d Cir.1991), a case quite similar to this one, the Third Circuit held that claim preclusion barred a second action against a wholly owned subsidiary of a party to the first action. The court found that for purposes of the dispute at issue in the case, there was a close and significant relationship between Exxon Corporation, the defendant in the first action, and Exxon Research and Engineering Company, its wholly owned subsidiary that was sued in the second action. Moreover, the court observed that "a lesser degree of privity is required for a new defendant to benefit from claim preclusion than for a plaintiff to bind a new defendant in a later action." *Id.* The same analysis applies here. The relationship between Nippon Conlux and its wholly owned subsidiary, with respect to the importation and sales of the Premier series coin changers, is so close that, unless there is a legally distinct basis for recovery against Nippon Conlux, the final judgment in the action against Conlux USA bars any further proceedings in this case.

## C

■ Mars asserts that it alleged legally separate causes of action in its complaints against Conlux USA and Nippon Conlux. We agree with the district court, however, that the two complaints pleaded what in law is the same cause of action. The action against Nippon Conlux is therefore barred by claim preclusion.

■ It is well established that a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits; instead, a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together. *See* Restatement (Second) of Judgments § 24(2) (1982) (all actions arising from the same transaction or series of transactions are regarded as constituting a single cause of action); *Gregory v. Chehi*, 843 F.2d 111, 117 (3d Cir.1988) (for purposes of claim preclusion analysis, the term "claim" is defined "broadly in transactional terms, regardless of the number of substantive theories advanced in the multiple suits by the plaintiff") (citing Restatement (Second) of Judgments); *Foster v. Hallco Mfg. Co.*, 947 F.2d at 478–79, 20 USPQ2d at 1248–49

**620**

(same); *Alyeska Pipeline Service Co. v. United States,* 688 F.2d 765, 769–70, 231 Ct.Cl. 540 (1982) (same; "claim splitting cannot be justified on the ground that the two actions are based on different legal theories"), *cert. denied,* 461 U.S. 943, 103 S.Ct. 2120, 77 L.Ed.2d 1301 (1983).

The complaints against Conlux USA and Nippon Conlux related to the same set of transactions. In both complaints, Mars alleged that it had been injured by the infringement attributable to the importation, sale, and use of the same group of Nippon Conlux Premier series coin changers. Moreover, because Conlux USA represented Nippon Conlux in this country, on the facts of this case any damages suffered by Mars would have been dependent on the conduct of Conlux USA in distributing the accused Premier series coin changers. The injury claimed by Mars in the two complaints therefore does not give rise to separate causes of action for purposes of claim preclusion analysis. Instead, as the district court noted, "every act underlying Mars' cause of action in this suit is intimately intertwined with events that were litigated in *Conlux USA.*" 855 F.Supp. at 678. The district court was therefore correct in concluding that "the underlying facts in the Conlux cases, and the proof of these facts, overlap to such a degree as to form the same cause of action," and that "[t]reating the underlying facts as a unit is appropriate given the parties' understanding of the Conlux companies' business relations." *Id.*

## D

■ Mars has not pointed to any special circumstances that would justify permitting it to prosecute a separate action against Nippon Conlux. It has not shown that it was disabled from joining Nippon Conlux in its action against Conlux USA, nor has it offered any satisfactory explanation for its decision to sue the two defendants separately. Instead, Mars has simply asserted that Nippon Conlux probably would have resisted any effort to obtain jurisdiction over it. But that does not explain why Mars did not even try to join both parties in the first action. Moreover, in the second action, Mars sued Nippon

Conlux in the same district and succeeded in obtaining jurisdiction over it. It is therefore difficult to find in the jurisdictional argument any justification for the manner in which Mars proceeded in this case. *See* 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4464, at 398 (Supp.1994) (claim preclusion in favor of a nonparty justified "if the new party can show good reasons why he should have been joined in the first action and the old party cannot show any good reasons to justify a second chance").

■ Ultimately, Mars stakes its case on the proposition that a plaintiff may sue each distinct tortfeasor separately, and that the liability of each gives rise to a separate cause of action that can support a separate suit for damages. While that may be true as to unrelated parties, a plaintiff who chooses to bring two separate actions against two tortfeasors who are jointly responsible for the same injury runs the risk that the court will find the parties sufficiently related that the second action is barred by claim preclusion. Mars chose to run that risk in this case by not attempting to join Nippon Conlux in the first action; we do not think it unfair to hold Mars to the consequences of its choice.

*AFFIRMED.*