**Sajid L. SYED, Plaintiff,**

v.

**HERCULES INCORPORATED, a Delaware Corporation, Hercules Incorporated Income Protection Plan, an Employee welfare benefit plan, and Hercules Incorporated, Plan Administrator of Disability Plan, Defendants.**

**No. CIV.A.01–713–JJF.**

United States District Court, D. Delaware.

Feb. 4, 2002.

Sajid L. Syed, Wilmington, DE, Pro Se Plaintiff.

W. Harding Drane, Jr., Kevin R. Shannon, and Brian C. Ralston, Esquires of Potter Anderson & Corroon LLP, Wilmington, DE, for Defendants.

### MEMORANDUM OPINION

FARNAN, District Judge.

Presently pending before the Court is a Motion To Dismiss (D.I.6) and a Motion For Sanctions Pursuant To Rule 11 (D.I.20) filed by Defendants.[1] For the reasons set forth below, the Court will grant Defendants' Motion To Dismiss (D.I.6) and deny Defendants' Motion For Sanctions Pursuant To Rule 11 (D.I.20).

## I. BACKGROUND

Plaintiff was employed by Hercules as a chemical operator. (D.I. 7 at 2). His employment involved moving, lifting and pushing heavy objects. (D.I. 7 at 2). On or about January 31, 1992, Plaintiff allegedly injured his back as a result of a fall while working at a Hercules facility. (D.I. 7 at 2). Shortly thereafter, Plaintiff filed a workers compensation claim. On March 31, 1992, Plaintiff was terminated as part of a reduction in force. (D.I. 7 at 2). After his termination, Plaintiff submitted a claim for long-term total disability benefits under the Plan, which was approved. (D.I. 7 at 2). Plaintiff received long-term disability benefits from March 4, 1992 through March 31, 1994 and, on April 15, 1993, Plaintiff settled his workers compensation claim. (D.I. 7 at 2).

At the request of Provident Life and Accident Insurance Company ("Provident"), the Claims Fiduciary under the Plan, Plaintiff underwent an independent medical examination in March 1994. (D.I.7, Ex. 2). Because it was determined that Plaintiff was not "totally disabled," Provident terminated Plaintiff's disability benefits as of March 31, 1994. (D.I.7, Ex. 2). Plaintiff repeatedly appealed Provident's decision to discontinue his long-term disability benefits, but was unsuccessful. (D.I.7, Ex. 2).

---

1. The Defendants are Hercules Incorporated, a Delaware Corporation, Hercules Incorporated Income Protection Plan, and Hercules Incorporated, Administrator of Disability Plan. When referring to the Defendants collectively, the Court will hereinafter refer to the "Defendants." When referring to the Defendants individually, the Court will hereinafter refer to Hercules Incorporated as "Hercules" and will refer to Hercules Incorporated Income Protection Plan as "the Plan."

On February 6, 1996, Plaintiff, by and through his then attorney John M. Stull, Esquire, instituted a civil action against Defendants in this Court to recover disability benefits allegedly due under the Plan (hereinafter "the First Action"). *See Syed v. Hercules Incorporated, et al.*, Civil Action No. 96–62–JJF. By his Complaint, Plaintiff sought recovery of benefits under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and sought the imposition of sanctions against Defendants for failure to comply with ERISA § 502(c), 29 U.S.C. § 1132(c).[2] (D.I.7, Ex. 1). On May 27, 1999, the Court granted summary judgment in favor of Defendants. (D.I.7, Ex. 2). The Court of Appeals for the Third Circuit subsequently affirmed the Court's decision and the United States Supreme Court denied certiorari. (D.I.7, Ex. 4, Ex. 8). Shortly after the Court's decision was affirmed, Plaintiff filed a Rule 60(b) Motion requesting relief from the judgment entered. (D.I.7, Ex. 6). On January 19, 2001, the Court denied Plaintiff's Rule 60(b) Motion and, on October 22, 2001, the Third Circuit affirmed the Court's decision. (D.I.7, Ex. 6, Ex. 9).

On October 25, 2001, Plaintiff, proceeding pro se, instituted this second action against Defendants. (D.I.1). Although Plaintiff's Complaint is a bit unclear, the Court construes Plaintiff's Complaint to allege five causes of action, two arising under federal law and three arising under state law. (*See* D.I. 1). Plaintiff's federal claims seek the imposition of sanctions against Defendants for failure to comply with ERISA § 502(c), 29 U.S.C. § 1132(c), and allege a breach of fiduciary duty under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1). Plaintiff's state law claims allege fraud, misrepresentation, and emotional distress.

A review of Plaintiff's Complaint reveals that two allegations form the basis for all five causes of action. (*See* D.I. 1). First, Plaintiff alleges that Defendants knowingly provided him with a copy of an ineffective Plan document which limited his ability to both effectively litigate the First Action and intelligently settle his workers compensation claim (hereinafter "Plan Document Allegation"). (*See* D.I. 1). Specifically, Plaintiff alleges that, in response to numerous oral and written requests for the effective disability Plan document, Defendants repeatedly provided him with a benefit booklet entitled "Your Hercules Benefits Portfolio, Income Protection, Short Term Disability—Long Term Disability" (hereinafter "Portfolio").[3] (*See* D.I. 1). Plaintiff alleges that Defendants continued to represent that the Portfolio was the

---

**2.** Specifically, ERISA § 502(a)(1)(B) states:

A civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

Additionally, ERISA § 502(c) states that:

Any administrator who fails ...to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary ... by mailing the material requested [to the participant or beneficiary] within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the

amount of $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

**3.** In particular, Plaintiff alleges that Defendants provided him with a copy of the Portfolio on four separate occasions. (D.I.1). First, at the outset of his employment with Hercules in September 1988. (D.I.1, ¶ 21). Second, during the course of meeting held on March 27, 1992 with Hercules' Human Resources Manager. (D.I.1, ¶ 23). Third, in response to his May 2, 1994 written request for "an original brochure explaining Long Term Disability benefits in detail." (D.I.1, ¶ 32). Finally, in response to his February 24, 1995 written request for "a complete copy of LTD plan

effective Plan document until December 12, 1998, when J. Douglass Hill, Hercules' Director of Employee Benefits, filed an affidavit in the First Action advising the Court that the "Summary Plan Description for the Hercules Short Term Disability and Long–Term Disability Plans" (hereinafter "SPD") was the effective Plan document at the time of each of Plaintiff's requests. (*See* D.I. 1). Plaintiff alleges that Hill's affidavit illustrates that Defendants knowingly and repeatedly misrepresented to Plaintiff that the Portfolio was the Plan document. (*See* D.I. 1). Because the SPD, unlike the Portfolio, contains a partial disability provision, Plaintiff alleges that Defendants' misrepresentation deprived Plaintiff of the opportunity to both pursue a partial disability claim and intelligently settle his workers compensation claim. (*See* D.I. 1).

Additionally, Plaintiff alleges that Defendants intentionally misrepresented the applicable statute of limitations for pursuing a legal action to recover disability benefits (hereinafter "Limitations Allegation"). (*See* D.I. 1). Plaintiff alleges that the both the Portfolio he was provided, as well as the SPD, indicate that a beneficiary has three years to pursue legal action. (*See* D.I. 1). Despite these provisions, Plaintiff alleges that Defendants, in their Answer to Plaintiff's Complaint in the First Action, asserted that a one year statute of limitations was applicable. (*See* D.I. 1). Plaintiff alleges that Defendants' affirmative defense in the First Action, in light of the Plan documentation provided to Plaintiff, illustrates that Defendants intended to deprive Plaintiff of the opportunity to pursue legal action. (*See* D.I. 1).

document effective as of March 4, 1992." (D.I.1, ¶ 33).

4. Plaintiff does note that his claim for disability benefits under ERISA Section 502(a)(1)(B) in the First Action was not decided "based

## II. DISCUSSION

### A. *Defendants' Motion To Dismiss*

By their Motion, Defendants have moved to dismiss all of Plaintiff's claims. (D.I. 7 at 6). Defendants assert several arguments in support of their motion, including that the present action is barred by the application of the doctrine of res judicata, otherwise known as claim preclusion. (D.I. 7 at 7). Specifically, Defendants contend that Plaintiff's Complaint should be dismissed because Plaintiff either asserted or could have asserted each claim in this matter during the First Action. (D.I. 7 at 7).

■ To establish that a claim is precluded under the doctrine of res judicata, a defendant must demonstrate that: (1) there has been a final judgment on the merits in a prior suit; (2) the same parties or their privies are involved; and (3) the subsequent suit is based on the same cause of action. *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3rd Cir.1991). Res judicata not only prevents a party from prevailing on claims that were litigated in a prior action, but also on claims that a party could have but did not assert in a prior action. *Gregory v. Chehi*, 843 F.2d 111, 116 (3rd Cir.1988). Res judicata requires "that a plaintiff present in one suit all of the claims for relief that he may have arising out of the same transaction or occurrence." *Lubrizol*, 929 F.2d at 963. Plaintiff does not dispute that the parties in this action and the First Action are identical. (D.I. 14 at 22). Additionally, Plaintiff raises no serious contention with regard to whether the claims and issues in the First Action were fully litigated.[4] Ac-

upon the merits." (D.I. 14 at 21). However, Plaintiff has not asserted a claim for disability benefits under ERISA Section 502(a)(1)(B) in this action, and therefore, the Court will not address Plaintiff's statements concerning the First Action. (*See* D.I. 1).

cordingly, the Court will turn to the third element of the res judicata analysis and determine if Plaintiff's claims in this action should be precluded.

Defendants contend that all of Plaintiff's current claims arise out of the same transaction or occurrence as Plaintiff's claims in the First Action. (D.I. 7 at 10–12). In opposition, Plaintiff contends that res judicata should not apply because his claims are based upon additional facts which Defendants fraudulently concealed during the course of the First Action. (D.I.15).

After reviewing the arguments of the parties, the Complaint, and the prior record, the Court concludes that the doctrine of res judicata precludes Plaintiff from litigating all of the claims asserted in the instant Complaint. First, the record is clear that Plaintiff claim under ERISA § 502(c), 29 U.S.C. § 1132(c), which seeks the imposition of sanctions against Defendant for failure to provide Plaintiff with a copy of the Plan document within thirty (30) days of Plaintiff's written request, is the identical claim that was asserted by Plaintiff in Count II of his Complaint in the First Action. (*See* D.I. 7, Ex. 1; D.I. 1). Because the Court previously entered a final judgment on this claim in favor of the Defendants, the Court concludes that this claim must be precluded. (*See* D.I. 7, Ex. 1–9).

As for the remainder of Plaintiff's Complaint, Plaintiff advances claims that he did not specifically assert in the First Action. (*See* D.I. 1; D.I. 7, Ex. 1). For example, Plaintiff raises state claims of fraud, misrepresentation and emotional distress, and the federal claim of breach of fiduciary duty under ERISA § 404(a)(1), 29 U.S.C.

§ 1104(a)(1). (D.I.1). Although these claims were not asserted previously, the allegations which form the basis for these claims (i.e. the Plan Document Allegation and the Limitations Allegation) are precisely the allegations Plaintiff made in support of his claims during the First Action. (*See* D.I. 1; D.I. 7, Ex. 2–9). *See Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (holding that claims that could have been brought in a prior action may not be litigated in a subsequent action); *Mars, Inc. v. Nippon Conlux Kabushiki–Kaisha,* 855 F.Supp. 673, 677 (D.Del.1994), *aff'd* 58 F.3d 616 (Fed.Cir.1995)(holding that a party may not prevail on claims that "it might have but did not assert in the first action").

■ In pursuing his claim for sanctions under ERISA § 502(c) in the First Action, Plaintiff was aware of and asserted his Plan Document Allegation. Specifically, Plaintiff, after advancing a completely contrary argument, set forth his Plan Document Allegation (i.e. that the Defendants' fraudulently represented that the Portfolio, rather than the SPD, was the Plan document) in the last stages of the First Action.[5] (*See* D.I. 7, Ex. 4–6, 9). Despite Plaintiff's contradictory legal arguments, both the Court and the Third Circuit addressed Plaintiff's Plan Document Allegation. Specifically, in affirming the Court's decision denying Plaintiff's Rule 60(b) Motion, the Third Circuit stated:

> Syed maintains that Hercules "defrauded" this Court and the District Court by representing that the Summary Plan Description was the controlling plan document for determining

---

5. During the better part of the First Action, Plaintiff conceded that Defendants provided him with the SPD, but argued that he should have been provided with the "Insurance Policy," which Plaintiff then alleged was the Plan document. (D.I.7, Ex. 2–9). It was not until well after the Court granted summary judgment in favor of Defendants that Plaintiff changed his argument, asserting that Defendants fraudulently provided him with the Portfolio, when they should have properly provided him with the SPD. (D.I.7, Ex. 2–9).

whether Syed qualified for long-term disability benefits. Syed contends that the plan document was actually a Benefits Portfolio that Hercules had given to him on several occasions prior to the filing of this lawsuit.

... [W]e see no merit in Syed's contentions. Syed made the same argument regarding the plan document in his motion to recall the mandate and submitted a copy of the Benefits Portfolio for our review. We rejected the argument, explaining that, 'with respect to [Syed's] suggestion that Hercules did not disclose its real plan, the court notes that no *material* differences between the documents in the appellate record in this case and the [Benefits Portfolio] have been called to our attention, and none is apparent.'

(D.I. 7, Ex. 9 at 4–5). Accordingly, it is clear that Plaintiff's current claims arising from his Plan Document Allegation are merely an attempt to advance additional claims based on the same facts asserted in the First Action. *See Allen,* 449 U.S. at 94, 101 S.Ct. 411; *Mars, Inc.,* 855 F.Supp. at 677.

■ Similarly, the facts surrounding Plaintiff's Limitations Allegation (i.e. that Defendants intentionally misrepresented the applicable statute of limitations) were asserted and addressed in the First Action. Specifically, in their Answer to Plaintiff's Complaint, Defendants raised as an affirmative defense a one-year statute of limitations to Plaintiff's ERISA claims. In opposition, Plaintiff advanced the argument that the Plan documentation provided to him by Defendants set forth a three-year statute of limitations. (D.I. 15 at 13–14). In Plaintiff's Motion For Reargument, this Court specifically addressed Plaintiff's argument, stating:

The Plaintiff next argues that the three-year limitations period set forth in the Plan document applies to his ERISA

claim. Again, the Plaintiff did not advance this argument in briefing on summary judgment, but nevertheless, the Court concludes that the argument is without merit.

(D.I. 7, Ex. 3 at 3). On the same facts, Plaintiff now attempts to advance the additional claims of fraud, misrepresentation, breach of fiduciary duty and emotional distress. *See Allen,* 449 U.S. at 94, 101 S.Ct. 411; *Mars, Inc.,* 855 F.Supp. at 677.

In these circumstances, the Court concludes that Plaintiff's claims arise out of the same transaction and occurrence as his claims in the First Action and are not based upon additional facts of which Plaintiff was unaware. *See Allen,* 449 U.S. at 94, 101 S.Ct. 411; *Mars, Inc.,* 855 F.Supp. at 677. Thus, the Court concludes that res judicata should apply.

■ Plaintiff also contends that the doctrine of res judicata does not apply to claims of fraud, misrepresentation, and breach of fiduciary duty. (D.I. 15 at 30–32). While courts do recognize an exception to the res judicata doctrine in instances of fraud or misrepresentation, this exception is a narrow one and seldom justifies a new action when Plaintiff was aware of all facts at the time of the prior action. *See Fields v. Sarasota Manatee Airport Auth.,* 953 F.2d 1299, 1309 (11th Cir.1992)(holding that exceptions to traditional principals of merger and bar are narrow and seldom justify a new action based on facts in existence at the time of the prior action). Because the Court finds that Plaintiff was aware of all of the facts which form the basis for his current claims during the course of the First Action, the Court concludes that the narrow fraud or misrepresentation exception to the res judicata doctrine is not applicable

in this case. Thus, for the reasons discussed, Defendants' Motion To Dismiss (D.I.6) will be granted.[6]

### B. *Defendants' Motion For Sanctions Pursuant To Rule 11*

 Defendants seek sanctions against Plaintiff, pursuant to Federal Rule of Civil Procedure 11, on the grounds that Plaintiff was aware when he filed his Complaint that the claims he asserts have no merit. (D.I.20). Defendants request that the Court award attorneys fees and costs associated with the filing of the instant Motions and the Answer to the Complaint. (D.I.20). Defendants further request that, until such amount is paid, Plaintiff be enjoined from filing any additional pleadings in this Court or any other court against Defendants. (D.I.20).

In the Court's view, the case brought by Plaintiff borders on frivolous. Plaintiff is on notice that future filings by him regarding this matter that are frivolous or brought expressly for the purpose of harassment will expose Plaintiff to serious sanctions. In the event of a future filing similar to this one, this Court will not hesitate to impose appropriate sanctions. However, because the Plaintiff is proceeding pro se in this matter, the Court declines to impose sanctions at this time. Accordingly, Defendants' Motion For Sanctions Pursuant To Rule 11 (D.I.20) will be denied.

### III. CONCLUSION

For the reasons set forth above, the Court will grant Defendants' Motion To Dismiss (D.I.6) and will deny Defendants' Motion For Sanctions (D.I.20)

---

6. Defendants contend, in the alternative, that Plaintiff's Complaint should be dismissed for statute of limitation violations, as well as for failure to allege proper legal claims. (D.I.7).

Because the Court has concluded that all of Plaintiff's claims are barred by the doctrine of res judicata, the Court will not address Defendant's alternative arguments.