C. The Present Suit
After the Fourth Circuit's ruling on appeal, in November 2017, Peek filed suit in this Court, this time against SunTrust Bank, Inc. As in the Virginia action, his complaint revolves around the alleged loan modification agreement. Compl. at 2-4. He alleges that as a result of SunTrust Bank's actions, he has sustained various harms, including "a decline in credit score," id.¶ 79, the inability to "secure a refinancing of the SunTrust loan," ibr.US_Case_Law.Schema.Case_Body:v1">id., and difficulty in securing "employment due to the derogatory credit ratings," id.¶ 83. He claims that SunTrust violated the Real Estate Settlement Practices Act, the Equal Credit Opportunity Act, and the Fair Credit Reporting Act, and also asserts fraud and breach of contract claims. Peek again seeks a declaratory judgment, id. ¶ 52-54, and monetary damages, id. ¶¶ 69, 81, 84-87.
Following service, SunTrust Bank filed a motion to dismiss, arguing primarily that Peek's suit is barred by res judicata in light of the Virginia action.[2] The Court agrees, and will dismiss this case with prejudice.
II. Legal Standards
A complaint survives a Rule 12(b)(6) motion if it provides "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "gives the defendant fair notice of what the claim is and the grounds on which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted). Courts must construe complaints in a light most favorable to plaintiffs and "assume the truth of all well-pleaded allegations." Warren, 353 F.3d at 39. The Court's consideration is limited to "the facts alleged in the complaint [and] documents either attached to or incorporated in the complaint," EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997), and matters of which court may take judicial notice, see Covad Commc'ns Co. v. Bell Atl. Corp., 407 F.3d 1220, 1222 (D.C. Cir. 2005).
Generally, a plaintiff is expected to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." U.S. Indus., Inc. v. Blake Constr. Co., Inc., 765 F.2d 195, 205 (D.C. Cir. 1985) (citation omitted). Res judicata (or claim preclusion) "holds that 'a judgment on the merits in a prior suit bars a second suit involving the same parties ... based on the same cause of action.' " Drake v. FAA, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) ); see also *205 I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co., 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that res judicata "forecloses all that which might have been litigated previously"). In other words, res judicata will bar a plaintiff's claim in a latter suit "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006) (citations omitted).
III. Analysis
Applying the four requirements for res judicata, the first question is whether this case and the Virginia action raise "claim[s] based on the same nucleus of facts." Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984) (internal quotation marks and citations omitted). Two claims need not be "literally identical claims for res judicata to apply." Capitol Hill Grp. v. Pillsbury Winthrop Shaw Pittman, LLP, 574 F.Supp.2d 143, 149 (D.D.C. 2008), aff'd sub nom. Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC, 569 F.3d 485 (D.C. Cir. 2009). Rather, "the facts surrounding the transaction or occurrence ... operate to constitute the cause of action, not the legal theory upon which a litigant relies." Page, 729 F.2d at 820 (citations omitted).
It is apparent that the complaints filed in this case and in the Virginia action share the same nucleus of facts. Even a cursory review of the two complaints reveals that the factual allegations set forth in the complaints are practically identical. Although the present complaint purports to add new counts and to rephrase some statutory claims, both cases arise from Peek's request for loan modification, SunTrust's alleged mishandling of his payments during the three-month trial modification period, SunTrust's alleged refusal to enter into a permanent loan modification agreement, and the commencement of foreclosure proceedings against Peek. Thus, the first requirement for res judicata is satisfied.
The second question is whether the two cases are between the same parties or their privies. The Court concludes yes. Peek is the plaintiff in both cases, and the defendants in the two cases are in privity. "A privy is one so identified in interest with a party to the former litigation that he or she [or it] represents precisely the same legal right in respect to the subject matter of the case." Smith v. Jenkins, 562 A.2d 610, 615 (D.C. 1989) (citing Jefferson School of Social Science v. Subversive Activities Control Board, 331 F.2d 76, 83 (D.C. Cir. 1963) ). Given SunTrust Mortgage, Inc.'s status as a wholly-owned subsidiary of SunTrust Bank, see Def. SunTrust Mortgage, Inc.'s Corporate Disclosure Statement, ECF No. 8, and Peek's acknowledgment that SunTrust Bank "operates" SunTrust Mortgage, Inc., Compl. ¶ 4, it is apparent that the two entities are in privity with each other. See, e.g., Mars Inc. v. Nippon Conlux Kabushiki-Kaisha, 58 F.3d 616, 619 (Fed. Cir. 1995) (concluding that parent company that controlled wholly-owned subsidiary was in privity with that subsidiary for purposes of res judicata). Thus, the second requirement for res judicata is also met.
This leaves the third and final requirement: that there be a final, valid judgment on the merits.[3] Peek "sharply disagrees" that the Virginia action adjudicated the merits of his prior complaint, see Am. Reply Defs.' Mot. Dismiss ("Pl.'s Opp'n") at 9. According to him, the district *206 court's order in that case "dismiss[ed] the complaint on the basis of the sufficiency and completeness of the pleadings and not on the merits of the claim." Id. His request to the Fourth Circuit was only "to remand the case to the District Court for a hearing on the sufficiency of the complaint," ibr.US_Case_Law.Schema.Case_Body:v1">id., "not an appeal of a final order on the merits," id. at 3; see id. at 9.
Peek is mistaken. Under Federal Rule of Civil Procedure 41(b), an involuntary dismissal, unless it is for "lack of jurisdiction, improper venue, or failure to join a party under Rule 19," "operates as an adjudication on the merits." In other words, "when a district court grants a Rule 12(b)(6) motion to dismiss for failure to state a claim, that dismissal 'operates as an adjudication on the merits' under Rule 41(b) '[u]nless the dismissal order states otherwise.' " Rollins v. Wackenhut Services, Inc., 703 F.3d 122, 132 (D.C. Cir. 2012) (Kavanaugh, J., concurring) (alterations in original) (quoting Fed. R. Civ. P. 41(b) ); see also Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987) (finding that decision on Rule 12(b)(6) motion "presents a ruling on the merits with res judicata effect"). The order in the Virginia action held that "none of plaintiff's claims state[d] a cognizable cause of action or [sought] an appropriate form of relief" and dismissed the case under Rule 12(b)(6) for failure to state a claim. Peek, 2017 WL 3258729, at *4. It therefore operates as an adjudication on the merits for purposes of res judicata.
Plaintiff's final attempt to avoid the preclusive effect of the Virginia action is to point to "new allegations not included in the original complaint" there. Pl.'s Opp'n at 8. Given these additional allegations, Peek argues, "the nucleus of the original allegations and set of facts is broken and not the same." Id. But "[t]he fact that the plaintiff asserts a different legal claim in this case does not preclude application of the res judicata." RSM Prod. Corp. v. Freshfields Bruckhaus Deringer U.S. LLP, 800 F.Supp.2d 182, 192 (D.D.C. 2011). Rather, "[i]f a claim could have been raised in an earlier action, but was not, that claim is also barred under res judicata." Ying Qing Lu v. Lezell, 919 F.Supp.2d 1, 4 (D.D.C. 2013) (citing Appalachian Power Co. v. EPA, 251 F.3d 1026, 1033-34, (D.C. Cir. 2001) ). Rather than new or different facts, Peek simply presents new legal theories based on the same facts known to him at the time he filed his complaint in the Virginia action. Any differences are thus insufficient to defeat res judicata.
* * *
Because his case raises claims based on the same facts as in the Virginia action against the same defendants, and because the order dismissing that prior case operates as an adjudication on the merits, Peek's claims against SunTrust Bank are barred by res judicata. Accordingly, the Court will grant SunTrust Bank's motion to dismiss. A separate Order shall accompany this memorandum opinion.[4]

Peek also brought suit against BWW Law Group, LLC, which has moved for dismissal of the claims against it. Since BWW Law Group is not mentioned in the "Parties" section of the pleading and the complaint sets forth no factual allegations regarding it, the Court will dismiss BWW Law Group, LLC as a party defendant.

The U.S. District Court for the Eastern District of Virginia is clearly a court of competent jurisdiction to resolve Peek's claims, and Peek makes no argument to the contrary.

Peek also filed a motion to stay the foreclosure action in the Superior Court pending resolution of this suit. In light of the Court's decision on SunTrust Bank's motion to dismiss, this motion to stay is now moot.