# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3832

_____

Cheri Rodgers

*Plaintiff - Appellant*

v.

Curators of the University of Missouri System, in Official Capacity as a state entity; The Student Electronic Media Association at UMSL, in Private and State Capacity; Orinthia Montague, Individually and in her official capacity as Associate Vice Provost of Student Affairs and UM-System's Designated Primary Officer; Curtis Coonrod, individually and in his official capacity as UMSL's Vice Provost of Student Affairs; Glen Hahn Cope, individually and in his official capacity as UMSL's University Provost and Vice Chancellor for Academic Affairs; Deborah Burris, individually and in her official capacity as UMSL's Chief Diversity Officer and Director of UMSL's Office of Equal Opportunity; PhD Deborah Nobel-Triplett, individually and in her official capacity as the UM-System's Assistant Vice President for Academic Affairs; Miriam Huffman, individually and in her official capacities as Student Mediator and Director of Student Life at UMSL; D'andre Braddix, individually and in his official capacities as UMSL Vice Provost Assistant, UM-System's Designated Primary Officer at UMSL, Asst. Dean Student Conduct and Community Standards, Student Court Advisor, and Student Life Project Support Specialist; Helen Ward, individually and in her official capacity as Administrative Assistant to UMSL Office of Student Affairs; Tanisha Stevens, individually and in her official capacity as Student Advocate of UMSL's Office of Academic Affairs; Charles Granger, individually and in his official capacity as a Faculty Member and Student Advisor at UMSL Department of Biology; Marcel Bechtholdt, individually and in his official capacities as an UMSL Faculty Professor, UMSL's Information Tech, Services System Administrator, and SEMPA Faculty Advisor; Craig Robinson, individually and in his official capacities as SEMPA Treasurer and UMSL's Supervisor of Environmental Health & Safety Dept.; Keith Robinson, individually and in his

official capacities as SEMPA Station Manager and UMSL's Information Technology Services Systems Administrator; Frank Schmidt, Officer, individually and in his official capacities as a Missouri State Police Officer and UMSL Campus Police Officer; Brandon Burton, Officer, individually and in his official capacities as a Missouri State Police Officer and UMSL Campus Police Officer; Ethan Chou, individually and in his official capacities as Chief Justice of UMSL Student Court and as UMSL's authorized decision maker; Ryan Ordway, individually and in his official capacities as SEMPA's Outgoing Vice President, UMSL TV GM, and UMSL's authorized decision maker; Tiffany Axton, individually and in her official capacities as SEMPA 2009 V.P., SEMPA 2010 President, and UMSL's authorized decision maker; Steven Engelmeyer, individually and in his official capacities as SEMPA's past 2008 President, a 2009-2010 Station Executive, and UMSL's authorized decision maker; John Edwards, individually and in his official capacities as SEMPA's Sports Director and as UMSL's authorized decision maker

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 4, 2015
Filed: September 10, 2015
[Unpublished]

_____

Before SHEPHERD, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

Cheri Rodgers appeals the district court's[1] dismissal of her civil action. Upon careful de novo review, see Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs., 533 F.3d 634, 639 (8th Cir. 2008), we conclude, for the reasons explained in the district court's thorough September 29, 2014 Memorandum and Order, that res judicata bars Rodgers's claims brought under federal law and the Missouri Human Rights Act (MHRA), see Banks v. Int'l Union Elec., Elec., Technical, Salaried & Mach. Workers, 390 F.3d 1049, 1052-53 (8th Cir. 2004). We further conclude that the court was within its discretion to decline to exercise supplemental jurisdiction over Rodgers's state-law tort claims for intentional and negligent infliction of emotional distress. See Johnson v. City of Shorewood, Minn., 360 F.3d 810, 819 (8th Cir. 2004). As to Rodgers's remaining arguments on appeal, the court did not abuse its discretion in denying reconsideration, see United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006), and the newly raised complaint regarding judicial bias fails, see Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 663-65 (8th Cir. 2003).

Accordingly, we affirm the district court's judgment, although we modify it to clarify that dismissal of the state-law tort claims for intentional and negligent infliction of emotional distress is without prejudice, see Labickas v. Ark. State Univ., 78 F.3d 333, 335 (8th Cir. 1996) (per curiam), consistent with the district court's rulings in its Memorandum and Order. The pending motion is denied.

―――――――――――――――――――――

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

-3-